John D. Bennett, S.
These are two proceedings for the abrogation of the adoption of two infants, adopted by order of this court dated May 8, 1956.
*741 The children involved are two sisters, Francine, who was born on October 3, 1947, and Virginia, who was born on March 18, 1945. Subsequent to their adoption there developed, as alleged by the foster parents, a situation in which they were 1 ‘ wholly unable to control the actions ’ ’ of the children. The girls eventually returned to the custody of their aunt, now deceased, who had been their general guardian and one of the persons consenting to their adoption.
Upon the aunt’s death the New York City Department of Welfare obtained custody of the girls and thereafter placed them in a home at Yonkers, New York, where they now reside. The girls are now being maintained at the expense of the New York City Department of Welfare.
The foster parents now move to strike the appearance of the Commissioner of Welfare of the City of New York on the ground that section 118 of the Domestic Relations Law does not provide for his appearance in this matter.
While there has been some discussion in these proceedings as to what section of the laws dealing with abrogation the foster parents are proceeding under, they definitely maintain at this point that they are proceeding under section 118 of the Domestic Relations Law which provides for an abrogation by consent. Section 118 requires that the foster parents, the foster children if over the age of 14 years, and the persons or authorized agency whose consent was required upon the original adoption, execute an agreement wherein the foster parents and the foster child if over the age of 14 years, agree to relinquish their relationship of parent and child and all rights acquired in such adoption, and the parents or person or authorized agency having custody of the foster child at the time of the original adoption agree to resume their former relationship.
It is the foster parents ’ position that since this was a private placement adoption, no authorized agency was involved in the original adoption and therefore the appearance of any authorized agency at this time is improper and unnecessary.
While it is true that section 118 does not specifically provide for the execution of the abrogation agreement by an authorized agency having custody of the child at the time of the abrogation proceeding, the section does require that the Judge or Surrogate shall inquire into the facts and be satisfied that “ all persons interested ” desire the abrogation “ and that it will be for the best interests of the foster child ” (italics supplied). The court is of the opinion that the Commissioner of Welfare is a sufficiently interested person in this matter to contest the abrogation proceeding.
*742 The Commissioner of Welfare cites section 383 of the Social Welfare Law as authority for his appearance in this matter. While there apparently has been no court order committing these children to the Commissioner of Welfare nor any consent of the foster parents to the Commissioner’s custody, it would appear that the Commissioner of Welfare is in a parental relation to them while they are under his care, custody and control (Matter of Domes v. Board of Supervisors, 230 App. Div. 276). While the court in the Domes case spoke of all the children receiving welfare assistance as either being “ neglected ”, “ dependent ” or “ abandoned ”, this court does not presume to pass upon the status of the children here involved in this regard, nor any failure of duty on the part of the foster parents towards these children, except to indicate that it would appear that the Commissioner of Welfare, having the custody and care of these children at this time, is a proper party to these proceedings.
The motion in the alternative seeks to strike out the first and second affirmative defense submitted by the Commissioner of Welfare upon the ground of insufficiency in law. The first affirmative defense alleges that the petition for abrogation is based upon section 118-b of the Domestic Relations Law and that since such section is applicable only to abrogation of authorized agency adoptions, the court lacks jurisdiction to grant the application here. This defense is apparently academic at this point since petitioners have unqualifiedly expressed their intention to proceed under section 118 which provides for abrogation by consent.
The second affirmative defense alleges, in effect, that the abrogation of the adoption will not be for the best interests of the children. The court feels that this is a proper defense and it will be allowed to stand. The motion is accordingly denied.