In the Matter of WILLIAM W. EGAN, Respondent, v. FRANK C. MOORE et al., as Trustees of the State University of New York, Appellants.

Third Department, December 27, 1963.

John C. Crary, Jr., for appellants.

Pennock & Roberts (William J. Roberts and Mark L. Heller of counsel), for respondent.

*Richard W. Hulbert* and *George M. Cohen* for Committee on Bill of Rights of Association of the Bar of the City of New York and another, *amici curiæ.*

*Melvin L. Wulf* and *Marvin E. Pollock* for American Civil Liberties Union, *amicus curiæ.*

REYNOLDS, J.   Herbert Aptheker, a conceded member of the Communist party, was invited to lecture at the University of Buffalo by the student association as part of a series of lectures on political thought from fascism to communism.   The speakers selected for the series were chosen after consultation as being articulate spokesmen for the ideology with which they were identified.   Each appearance consisted of a 40-minute to an hour lecture followed by a 20-minute question period by a panel composed of faculty and students.   A few days before Dr. Aptheker was scheduled to lecture respondents were requested to cancel his appearance.   The chairman of the board of trustees after consultation with all of the other members of the board denied this request and the instant proceeding ensued.

The court below gave as its grounds for withholding use of the university facilities for Dr. Aptheker's lecture that his proposed appearance was contrary to State policy and to the respondents' statement of policy.   We concur with the court below that the Legislature has adopted considerable legislation designed to curtail the activities of the Communist party and its members, especially in the areas of governmental employment and public education (e.g., Education Law, § 3022; Civil Service Law, § 105; Judiciary Law, § 665-a; Executive Law, § 167). The courts of this State have also agreed " that the Communist party is a continuing conspiracy against our Government " (e.g., *Matter of Daniman* v. *Board of Educ. of City of N. Y.,* 306 N. Y. 532, 540, overruled on other grounds in *Slochower* v. *Board of Educ.,* 350 U. S. 551, rehearing den. 351 U. S. 944; *Matter of Lerner* v. *Casey,* 2 A D 2d 1, 5).   Yet we cannot sustain the instant decision.   It is conceded that there is no legislation directly covering the instant situation.   " [S]tatutes, directed against known and stated evils, are not to be stretched to cover situations having no real or reasonable relation to those evils " (*Metropolitan Life Ins. Co.* v. *Durkin,* 301 N. Y., 376, 381). Petitioner contends that allowing avowed Communists to preach their ideology at a tax-supported university cloaks their activities with a mantle of academic and intellectual integrity which makes their subversive propaganda more susceptible to impressionable young people, but we believe that the tradition of our great society has been to allow our universities in the name of

academic freedom to explore and expose their students to controversial issues without Government interference. " Teachers and students must always remain free to inquire, to study and to evaluate, to gain new maturity and understanding; otherwise our civilization will stagnate and die." (*Sweezy* v. *New Hampshire*, 354 U. S. 234, 250.) Further, membership in the Communist party does not automatically entail illegal advocacy (*Scales* v. *United States*, 367 U. S. 203, rehearing den. 366 U. S. 978; *Yates* v. *United States*, 354 U. S. 298). This is so even though the Legislature has seen fit in certain instances to make such membership prima facie evidence thereof (see L. 1958, ch. 503, § 1). Here there is no contention that Dr. Aptheker advocates, has advocated or will advocate at the lecture in question the forcible overthrow of our Government as any more than an abstract doctrine. The courts without express legislative action cannot find such abstract advocacy to be against the law of this State.

The order should be reversed and the petition dismissed, without costs.

BERGAN, P. J., GIBSON, HERLIHY and TAYLOR, JJ., concur.

Order reversed and petition dismissed, without costs.