■ DERRICK GIBBS, by His Guardian ad Litem, IRENE J. GELLER, Appellant, v. CITY OF NEW YORK et al., Respondents.— In a proceeding pursuant to statute (General Municipal Law, § 50-e), for leave to file a late notice of claim, the claimant appeals from an order of the Supreme Court, Kings County, entered April 9, 1964, which denied the application. Order affirmed, without costs, and without prejudice to the institution and prosecution of a plenary action by the claimant against the City of New York by reason of its negligence and the negligence of its Department of Welfare. Special Term was correct in holding that it was without power to grant leave to serve a late notice of claim where, as here, the application was made more than one year after the happening of the event upon which the claim is based (General Municipal Law, § 50-e, subd. 5; *Matter of Moore* v. *City of New York*, 302 N. Y. 563; *Matter of Martin* v. *School Bd.* [*Long Beach*], 301 N. Y. 233; *Matter of Cohen* v. *City of New York*, 19 A D 2d 722). This affirmance is without prejudice, however, to the institution of an action, if claimant be so advised, although no formal notice of claim was filed. In view of the extraordinary facts in this case and of the relationship between the infant claimant and the prospective defendant, we believe that no notice of claim was required to be served. Where, as here, the prospective defendant (the city) and its own agency were the only parties reasonably situated to ascertain the existence of the claim and to prosecute the claim, it would be an idle

gesture to require that they file a notice of claim against themselves. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.