J. George Foliett, J.
This matter is ¡before the court for foster care review pursuant to .section 392 of the Social Services Law. Mark H. was committed to the care of the St. Lawrence County Department of Social Services apparently by his grandmother in September of 1971. It is not clear whether or not a voluntary placement instrument pursuant to section 384 .of the Social Services Law was ever executed. Nevertheless, the St. Lawrence .County Department of ¡Social Services has exercised care and custody over Mark since 1971. It appears that sometime in 1973 some arrangement was made between the department and Mark’s .father and sole surviving parent concerning placement of this young man by the Department of Social Services in Berkshire Farm for boys. Furthermore, in open court in connection with this proceeding, the father stated that he could not handle his son and desired the Department of Social Services to continue to exercise care and custody over him. This court *594 therefore considers that ¡Mark has been lawfully committed to the ¡care and custody of the (Commissioner of ¡Social Services of this county, (cf. Matter of Anonymous, 39 Misc 2d 740.)
At the time of the hearing Mark stated in open court that upon his sixteenth birthday he intended to return to live with his grandmother rather than to continue living in foster care. The Department of (Social (Services then advised that they would seek an order for institutional care if he ran away to his grandmother’s home. The question presented is whether or not this court has the power under section 692 of the Social Services Law to compel continued foster care by institutional placement. Although Mark’s birthday has not arrived, and no specific request has at this time been made for such an order, review of planning for children in agency care is an appropriate and necessary part of the court’s section 392 review function. 'Therefore, it is necessary that the question he answered and not left to speculation.
It should also be noted that there is presently outstanding in this case a petition alleging that this young man is a person in need of supervision. The petition was filed by a caseworker of the St. Lawrence County Department of Social Services.
The dispositional powers of the court under ¡section 392 of the Social Servicps Law are specifically set forth in the statute. The statute limits the court to the following: continuing foster care; directing return of the child to the care of the parent, guardian, or relative; ¡directing the commencement of a proceeding to legally free the child for adoption; or directing adoptive placement. Other provisions of section 392 authorize the court to make supervisory orders over a case including the power to hold further hearings during the continuing jurisdiction of the court. However there is no provision in the section for an order of placement such as is found in article 7 or article ¡10 of the Family Court Act.
The reason for this becomes obvious when it is realized that the child is already in the care and custody of an authorized agency. ,'The iSt. Lawrence County Department of Social ¡Services has the obligation and the necessary, broad discretionary powers to provide appropriate care and treatement for a child committed to its care. (See Social ¡Services Law, ¡§ 371 for the definition of a destitute or dependent child; see, also, ¡Social (Services Law, §§ 374, 383, 384, 395, 697, 398, '400; further see the regulations of the State Department of Social Services 18 NYCRR 450.2 [c] [2], 450.12 [g].) ¡The power granted to the agency includes the authority to place a child in institutional *595 care where the needs of such child make institutional care appropriate.
However, this is not to say 'that the discretionary authority of the commissioner cannot be limited iby the court in an appropriate case. Indeed the thrust of section 392 itself is to provide a forum (where the need for costly foster and institutional care can ibe judically reviewed. (Matter of Carla L., 77 Misc 2d 363, mod. on other grounds 45 A D 2d 375.)
Returning then to the young man who is the subject of this proceeding, it is obvious from the record before the court that foster care should be continued pursuant to subdivision 7 of section 392 of the Social Services Law. His father .acknowledges that he is unable to control him and it is quite obvious that he is beyond the control of his grandmother. However, a plan for his future must be worked out after consultation with him as well as with his Law (Guardian and submitted within 30 days to the court for review. Furthermore, because of his .age, his extended placement at Berkshire Farms, and the failure of the agency to arrange a suitable placement when discharged was recommended from Berkshire Farms, in this case the agency will be directed not to again institutionalize this young man without .specific permission of this court. This is not to say that an appropriate institutional setting would not be approved. Rather it is to say that no such placement would be approved unless the young man and his Law G-uardian agree to it or until after a hearing has been held at which the young man and his Law G-uardian are present.
The person in need of supervision petition is dismissed for the reason that the services of the court are not necessary in connection therewith. ;The young man is already in the care and custody of an authorized agency. Furthermore, in view of the father’s statement in court, there is no reason to believe that he will not continue to co-operate with" the agency.