OPINION OF THE COURT
D. Bruce Crew, III, J.
Plaintiffs move for an order pursuant to CPLR 3211 (b) to dismiss the defendant county’s affirmative defense that no notice of claim was served as required by General Municipal Law § 50-e. The county moves to dismiss the complaint on the basis of that affirmative defense. Plaintiffs assert that no notice of claim is required pursuant to General Municipal Law § 50-e (8), arguing that the infant was a ward of the Commissioner of Social Services within the meaning of that section. Plaintiffs further assert that if the infant is within the exception of section 50-e (8), then so too ought to be the parent making a derivative claim for loss of services.
Plaintiff infant was determined to be a juvenile delinquent and upon an order of disposition was placed with the Commissioner of Social Services for placement in foster care or Glove House, a residential youth facility (see, Family Ct Act §§ 352.1, 352.2, 353.3). He was then placed in the foster care of the defendants Martone, in whose home he was injured when attacked by their dog. Plaintiffs allege that the Commissioner *41 negligently placed the youth in a home which harbored a dog with known vicious propensities.
Section 50-e requires the filing of a notice of claim against public corporations. However, section 50-e (8) states that “[t]his section shall not apply * * * to claims against public corporations by their own infant wards.” Plaintiffs contend that the infant having been placed in the care and custody of the County Department of Social Services was a ward of the county within the meaning of section 50-e (8). The defendant county argues that the section only applies to a formal guardian-ward relationship such as that may be established pursuant to Social Services Law §§ 384 and 384-b or pursuant to Family Court Act article 6.
Ward is not defined by the General Municipal Law or any other act of the Legislature. Nevertheless, the meaning of the word in legal parlance is well accepted as one, usually an infant, who has been placed by a court under the care of a guardian (see, Black’s Law Dictionary 1420 [rev 5th ed 1979]; 25 NY Jur, Guardian and Ward, § 1). A guardian, other than a natural parent, is “[a]ny person to whom letters of guardianship, whether of the person, property or both, of an infant have been issued by a court of this state” (SCPA 103 [24]). While in general usage ward may refer to any individual under the care or protection of another (see, Webster’s New Universal Unabridged Dictionary 2060 [rev 2d ed 1983]), the word should be construed according to its accepted legal sense. “Words having a precise and well settled meaning in the jurisprudence of [the State] are to be understood in the same sense when used in its statutes, unless a different meaning is unmistakably intended” (Perkins v Smith, 116 NY 441, 448-449; Skeels v Paul Smith’s Hotel Co., 195 App Div 39, 42).
Any doubt as to the intendment of the Legislature is resolved by an examination of the events leading to the amendment of section 50-e (8) to include an exception for infant wards of public corporations. The amendment followed the decision of the Appellate Division, Second Department, in Gibbs v City of New York (23 AD2d 665). The court there allowed an infant who had been surrendered to the Commissioner of Welfare to bring an action without having to file a notice of claim. The court stated: “Where, as here, the prospective defendant (the city) and its own agency were the only parties reasonably situated to ascertain the existence of the claim and to prosecute the claim, it would be an idle gesture to require that they file a notice of claim against themselves” (supra, pp 665, 666).
*42 The legislative history of the amendment makes clear that the Legislature’s purpose in amending the law was to remedy the problem of infants, such as the one in Gibbs (supra), who must rely on their guardians to file a notice of claim against themselves, an act which is not only an idle gesture as the court noted but also problematic given the obvious conflict of interest. The memorandum of Senator Bloom addressed to the Governor reveals the concern to protect the rights of “infant wards of municipal corporations without known relatives, friends, or diligent guardians ad litem” (Bill Jacket, L 1967, ch 252, memorandum, at 3). A legislative act designed to remedy a particular evil should not be stretched to include situations not reasonably related to that evil (Matter of Egan v Moore, 20 AD2d 150, affd 14 NY2d 775). There is no similar evil presented by the instant facts. While the infant has been placed in the care and custody of the Department of Social Services, he nevertheless has an independent guardian, his father, who is responsible for and capable of protecting his rights. Indeed, the father was notified of the accident the very day it occurred and has instituted the present action. Finally, criticism of the bill as unnecessary in light of the holding of Gibbs v New York City (supra) confirms that the bill was not intended to address situations beyond the facts presented in that case (see, Bill Jacket, L 1967, ch 252, memorandum from Attorney-General, memorandum from Office for Local Government).
Since the infant is not a ward of the Department of Social Services within the meaning of section 50-e (8), a notice of claim is required. None having been served, defendant is entitled to an order dismissing the complaint.