■ MARK EAGLESTON et al., Appellants, v MT. SINAI MEDI-

cal Center, Defendant, and Howard J. Goldman, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Pizzuto, J.), dated April 8, 1987, which dismissed the complaint insofar as it is asserted against the respondent, upon granting his cross motion for summary judgment. The notice of appeal from an order of the same court which granted the cross motion for summary judgment is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

In September 1976 the plaintiff Mark Eagleston underwent surgery for the removal of an undescended left testicle which, if it remained in the plaintiff's groin, could have become cancerous. However, the respondent could not locate the left testicle during surgery and therefore did not remove it. He thereafter advised Mr. Eagleston that no testicle was found and, concluding that he had been born without a left testicle, that he had nothing to worry about. Mr. Eagleston was discharged from treatment November 1976. He consulted the respondent Goldman in 1977 and again in 1980 on account of urinary infections and a pain in his right inguinal area; there is no indication that the 1976 surgery was mentioned at either visit. In 1983, almost seven years after what resulted in only exploratory surgery, he experienced pain at the site of the incision. He returned to the respondent who felt a lump and who, in his 1983 office notes, acknowledged the possibility that in 1976 he "missed" the undescended left testicle. Mr. Eagleston subsequently underwent surgery by another physician, as a result of which an undescended cancerous left testicle was removed. This litigation, premised on the respondent's failure in 1976 to remove the undescended testicle, was commenced in April 1984. The respondent claimed in his answer that the action was time barred. The plaintiffs moved to dismiss his Statute of Limitations defense and he cross-moved for summary judgment dismissing the complaint insofar as it is asserted against him as time barred. His motion was granted, and this appeal ensued.

The plaintiffs have failed to sustain their burden (see, Ciciless v Lane, 129 AD2d 759; Barrella v Richmond Mem. Hosp., 88 AD2d 379; Connell v Hayden, 83 AD2d 30) of establishing that Mr. Eagleston's visits to the respondent in 1977 and 1980 were a continuation of the surgical treatment giving rise to this litigation (see, Barrella v Richmond Mem. Hosp., supra). Indeed, it appears that these consultations were wholly unre-

lated to the omission complained of *(cf.,* CPLR 214-a). We note, moreover, that a period in excess of the 2½ year Statute of Limitations elapsed between Mr. Eagleston's visits to the respondent, not once but twice *(see, Grellet v City of New York,* 118 AD2d 141, 149). The continuous treatment doctrine does not work here to toll the Statute of Limitations *(cf., McDermott v Torre,* 56 NY2d 399).

Similarly unavailing to the plaintiffs are the doctrine of equitable estoppel and the separately pleaded cause of action grounded in fraud *(see generally, Simcuski v Saeli,* 44 NY2d 442). There is no evidentiary indication that, in 1976, the respondent knew he failed to remove an existing testicle and the plaintiffs do not dispute his attestation that at that time there were then no known radiographic or sonographic techniques for "visualizing" an anatomically hidden undescended testicle. The lack of evidence in the record that the respondent intentionally concealed an act of malpractice and knowingly made a misrepresentation regarding Mr. Eagleston's condition precludes the plaintiffs' use of the equitable estoppel exception to the Statute of Limitations, thus mandating dismissal of the causes of action sounding in medical malpractice *(see, Simcuski v Saeli, supra; Valenti v Trunfio,* 118 AD2d 480, *lv dismissed* 69 NY2d 661). It also mandates dismissal, on the merits, of the cause of action sounding in fraud *(see, Simcuski v Saeli, supra).* Finally, given the dismissal of the primary causes of action, dismissal of the plaintiff wife's derivative cause of action was also required *(see, Maddox v City of New York,* 108 AD2d 42, 49, *affd* 66 NY2d 270). Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.