*453 OPINION OF THE COURT
Howard Miller, J.
Petitioner is not required to file a late notice of claim and, therefore, the motion is denied as moot.
Petitioner alleges that due to "deep fits of depression” she was admitted to Arden Hill Hospital, Lincoln Hospital and the Middletown Psychiatric Center, as a result of which her infant daughter was placed in the care of the Department of Social Services (the Department). Petitioner does not specify the statutory basis for placement; however, the Orange County Family Court file indicates that such placement was made as a result of a proceeding under article 10 of the Family Court Act. The Department thereafter placed the infant with a foster family who allegedly sexually and physically abused her between January 1988 and April 1992. On March 23, 1993, petitioner regained custody of the infant and now seeks, on behalf of the infant, to file a late notice of claim against the Department pursuant to section 50-e of the General Municipal Law.
Section 50-e (8) of the General Municipal Law provides that: "This section shall not apply to claims * * * against public corporations by their own infant wards.”
Respondent argues that the statutory exception applies only to "formal guardian-ward relationships such as that may be established pursuant to Social Services Law Sections 384 and 384-b, or pursuant to Family Court Act, Article 6,” citing in support Grover v Martone (127 Misc 2d 40). In that case, the court held that a juvenile delinquent placed with the Department under article 3 of the Family Court Act was not the "ward” of the Department.
As the court pointed out in Grover v Martone (supra), the 1976 amendments to General Municipal Law § 50-e which established the notice exception for infant wards were enacted following the Second Department decision in Gibbs v City of New York (23 AD2d 665). The Gibbs Court held that the infant was not required to file a notice of claim against the public corporation defendant, commenting that: "Where, as here, the prospective defendant (the city) and its own agency were the only parties reasonably situated to ascertain the existence of the claim and to prosecute the claim, it would be an idle gesture to require that they file a notice of claim against themselves.” (Supra, at 665-666.)
In declining to apply the exception created by the Legisla *454 turc after the Gibbs case (supra), the court in Grover found that although the infant was in the care and custody of the Department, "he nevertheless has an independent guardian, his father, who is responsible for and capable of protecting his rights.” (Supra, at 42.)
In this case the petitioner admits that it was her incapacity to care for her child that led to the infant’s placement with the Department. There is no evidence in the record before the court that the child had any independent guardian responsible for or capable of protecting the infant’s rights; on the contrary, this case cannot be differentiated from Gibbs (supra), since the only party reasonably situated to ascertain the existence of the claim was the Department itself, whose responsibility it is to select, approve and monitor the foster care placement.
Section 1055 (f) of the Family Court Act specifically provides that when a child is placed with the Department, it must "provide for such child as in the case of a destitute child or as otherwise authorized by law.” When the Department has a child under its care, custody and control, the Commissioner of Social Services is in a parental relationship to such child (Andrews v County of Otsego, 112 Misc 2d 37; Matter of Anonymous, 39 Misc 2d 740) and has an obligation to insure the welfare of the child (Matter of Humphrey v Humphrey, 103 Misc 2d 175).
Under the circumstances of this case, the infant was a ward of the Department and is not required to serve a notice of claim (General Municipal Law § 50.-e [8]).