■ PATRICIA ARIAS, Respondent, v SOUTHSIDE HOSPITAL et al., Defendants and Third-Party Plaintiffs. BRENTWOOD FAMILY HEALTH CENTER et al., Third-Party Defendants-Appellants. [612 NYS2d 884] —In an action to recover damages for medical malpractice, the third-party defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated July 7, 1992, which granted the plaintiff's motion to amend her complaint pursuant to CPLR 3025 (b) to add the appellants as defendants and to file a late notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

We find that the claim raised by the third-party defendants on appeal was raised before the Supreme Court and that it is, accordingly, properly before this Court on appeal.

The plaintiff has failed to sustain her burden of establishing that the treatment she received when she visited Brentwood Family Health Center on August 31, 1989, was related to the condition which gave rise to the action *(see, Eagleston v Mt. Sinai Med. Ctr.,* 144 AD2d 427). Therefore, there was a hiatus in the plaintiff's treatment for the condition in excess of the applicable one-year-and-90-day Statute of Limitations. Accordingly, the continuous treatment doctrine does not work to toll the Statute of Limitations *(Eagleston v Mt. Sinai Med. Ctr., supra).* Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.