■ JUANA CONCHA, Respondent, v LOCAL 1115 EMPLOYEES UNION WELFARE TRUST FUND et al., Appellants. [628 NYS2d 172] —In an action to recover damages for medical malpractice and

breach of contract, the defendants Vincent Salvador, Raphael Garcia, and Samuel Harris appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated November 23, 1993, as denied their motion for partial summary judgment dismissing the amended complaint insofar as it is asserted against Samuel Harris and Raphael Garcia, dismissing so much of the amended complaint against Vincent Salvador as relates to treatment rendered before March 26, 1990, and dismissing the second cause of action to recover damages for breach of contract, and the defendants Local 1115 Employees Union Welfare Trust Fund and Local 1115 Medical Offices separately appeal, as limited by their brief, from so much of the same order as denied their separate motion for partial summary judgment dismissing so much of the amended complaint against them as relates to treatment before November 14, 1989, and dismissing the second cause of action to recover damages for breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the defendants appearing separately and filing separate briefs, the defendants' motions are granted, the amended complaint is dismissed insofar as it is asserted against Raphael Garcia and Samuel Harris, the second cause of action is dismissed against all defendants, so much of the amended complaint against Vincent Salvador as relates to treatment before March 26, 1990, is dismissed, so much of the amended complaint against Local 1115 Employees Union Welfare Trust Fund and Local 1115 Medical Offices as relates to treatment before November 14, 1989, is dismissed, and the action against Vincent Salvador, Local 1115 Employees Union Welfare Trust Fund, and Local 1115 Medical Offices is severed.

In September 1986 the plaintiff came to the Local 1115 Medical Offices complaining of headaches and blurred vision. Dr. Vincent Salvador examined the plaintiff and sent her out for a computed tomography examination (hereinafter CT scan) which was "negative for underlying disease". The plaintiff reappeared at the clinic on December 4, 1986, complaining of pain in various joints. She was examined by Dr. Raphael Garcia, who prescribed medication, reviewed the results of prior tests, and referred her to a psychologist.

The plaintiff's next appearance at the Local 1115 Medical Offices was on August 28, 1989. The entry on her medical records for that day indicated that she had just returned from Peru where she had been in an automobile accident and had stomach surgery. She received no treatment by the Local 1115 Medical Offices at that time.

On November 14, 1989, the plaintiff came to the clinic and complained of pain in her ear and dizziness. She next appeared at the clinic on March 26, 1990, complaining of vertigo and dizziness, and was again examined by Dr. Salvador. On May 2, 1990, a magnetic resonance imaging examination (hereinafter MRI) was performed, and a large meningioma was discovered exerting pressure on the lower cranial nerves, cerebellum, and brain stem. Surgery was performed in June 1990 to excise the tumor, and the plaintiff was treated at the defendants' clinic until June 1992.

The plaintiff commenced the instant action to recover damages for medical malpractice and breach of contract in November 1992. Drs. Garcia, Salvador and Samuel Harris moved for summary judgment arguing that the nearly two-year nine-month gap in treatment from December 4, 1986, to August 28, 1989, made the continuous treatment doctrine inapplicable, and that any claims relating to treatment rendered before August 28, 1989, were time-barred. Dr. Harris averred that he had never examined or treated the plaintiff, and Dr. Salvador alleged that he should not be liable for any treatment rendered before March 26, 1990, when he saw the plaintiff for the first time since her resumption of treatment in 1989. The Local 1115 Employees Union Welfare Trust Fund and Local 1115 Medical Offices (hereinafter the Local 1115 defendants) also moved for summary judgment, contending that they should not be held liable for any treatment rendered before November 14, 1989, when the plaintiff was first treated after her reappearance at the clinic. The Supreme Court denied the motions.

The plaintiff's absence from the Local 1115 defendants' clinic for a period of two years and nine months, her accident and surgery in Peru, and her treatment by unrelated physicians during that period, interrupted any continuous treatment at the clinic (see, Curcio v Ippolito, 63 NY2d 967; McDermott v Torre, 56 NY2d 399; cf., Richardson v Orentreich, 64 NY2d 896). Since the gap in treatment exceeded the applicable Statute of Limitations of two and one-half years, the continuity of treatment was broken (see, e.g., Arias v Southside Hosp., 203 AD2d 220; Eagleston v Mt. Sinai Med. Ctr., 144 AD2d 427; Blythe v City of New York, 119 AD2d 615; Sherry v Queens Kidney Ctr., 117 AD2d 663).

The plaintiff has not established the factual predicates for her claim that the defendants should be estopped from raising the affirmative defense of the Statute of Limitations. She has not demonstrated that the defendants made any intentional

misrepresentation, or that she justifiably relied on any acts of deception or concealment that prevented her from filing a timely action *(see, Simcuski v Saeli,* 44 NY2d 442; *Eagleston v Mt. Sinai Med. Ctr., supra).* She also failed to submit any evidence that the Statute of Limitations should be tolled pursuant to CPLR 208 due to her impaired mental condition.

Accordingly, the plaintiff is time-barred from pursuing any medical malpractice claims against the defendants prior to her resumption of treatment at the clinic in 1989. Since the record indicated that the first treatment after her reappearance was rendered on November 14, 1989, no claim for medical malpractice can be asserted against the Local 1115 defendants for treatment rendered before that date. In addition, since the plaintiff did not dispute Dr. Salvador's sworn assertion that the first time he examined the plaintiff after she reappeared at the clinic in 1989 was March 26, 1990, no medical malpractice claims can be asserted against him for treatment rendered before that date.

The complaint must be dismissed against Dr. Garcia. Since the only treatment he rendered was in December 1986, the cause of action against him is time-barred. The plaintiff did not controvert Dr. Harris's sworn assertion that he did not examine or treat the plaintiff, and she conceded in her deposition testimony that she never saw him. His status as medical director, standing alone, did not render him vicariously liable for the alleged negligence of others *(see, Ellis v Brookdale Hosp. Med. Ctr.,* 122 AD2d 19).

The second cause of action to recover damages for breach of contract must be dismissed as against all of the defendants. The plaintiff failed to adduce proof of an express promise to effect a cure or a specific result by any treating physician or other employee or representative of the Local 1115 defendants. In addition, the individual defendants explicitly denied making any promise and the plaintiff submitted no evidence to the contrary *(see, Chaff v Parkway Hosp.,* 205 AD2d 571; *Keselman v Kingsboro Med. Group,* 156 AD2d 334). Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.