OPINION OF THE COURT
Sandra J. Feuerstein, J.
This application by the petitioner, Maria A. Turcios, for leave *647 to file a late notice of claim, is determined as hereinafter provided.
On June 20, 1994, the petitioner went to the Nassau County Medical Center (NCMC) for the labor and delivery of her second child. On that date, the child was born by normal vaginal delivery. However, the petitioner suffered a laceration to her perineum which was diagnosed as a third degree laceration by Dr. Vinette Greenland, the treating obstetrician and employee of NCMC who allegedly repaired it at that time. The petitioner allegedly continued to receive treatment for the recto-vaginal fistula at the OB/GYN clinic until January 31, 1995 when she was referred to the proctology clinic. After local treatment proved unsuccessful, on March 20, 1995 the petitioner received surgery to repair the recto-vaginal fistula. The petitioner allegedly continued to receive out-patient treatment at NCMC relative to the fistula and received surgery for a second time on March 5, 1996. The petitioner continues to receive out-patient treatment relative to the fistula to the present. It is the petitioner’s contention that the defendant doctor either failed to diagnose a fourth degree laceration rather than a third degree laceration of the perineum or negligently caused the third degree laceration to become a fourth degree laceration.
NCMC was made aware of a possible lawsuit as early as October 5, 1995 when the petitioner’s counsel requested copies of her records. Ultimately, the petitioner was forced to make an application for preaction disclosure in July 1996 and finally received the records in August 1996.
On December 9, 1996, the petitioner brought the present application pursuant to General Municipal Law § 50-e (5) seeking leave to serve a late notice of claim. The petitioner asserts that she continues to be treated for the fistula at NCMC and, therefore, the time to serve the notice of claim has not yet begun to run and that at the very least she was continuously treated by NCMC up to May 22, 1996.
NCMC, in opposition, contends that the 1 year and 90-day Statute of Limitations has expired because the petitioner’s last contact with the OB/GYN clinic was in January 1995. NCMC contends that the continuous treatment doctrine cannot be imputed to the other departments of NCMC in order to toll the Statute of Limitations.
The continuous treatment doctrine provides that the applicable Statute of Limitations does not begin to run until the end of the course of treatment "when the course of treatment which includes the wrongful acts or omissions has run continuously *648 and is related to the same original condition or complaint” (Borgia v City of New York, 12 NY2d 151, 155; see also, Nykorchuck v Henriques, 78 NY2d 255, 258). Additionally, the treatments must have occurred at intervals separated by no more than 1 year and 90 days (see, Leale v New York City Health & Hosps. Corp., 222 AD2d 414; Arias v Southside Hosp., 203 AD2d 220). "[W]here treatment is provided by more than one physician or health care provider, the continuing treatment by one will be imputed to the other in the presence of an agency relationship, or some other relevant association which continues the nexus between the two providers” (Ganapolskaya v V.I.P. Med. Assocs., 221 AD2d 59, 62; see also, McDermott v Torre, 56 NY2d 399, 408; Meath v Mishrick, 68 NY2d 992, 994).
Here, it is alleged that the petitioner went to NCMC for the delivery of her child, and that during the course of the delivery the attending physician, an employee of NCMC, negligently caused injury to the petitioner’s perineum which ultimately caused the fistula. When the OB/GYN unit could not resolve the petitioner’s problem, she was referred to the hospital proctology unit and finally received surgery within NCMC. The petitioner’s last surgery for the fistula was on March 5, 1996.
Clearly, then, the petitioner received continuous treatment by NCMC employees which was related to the original alleged malpractice of the attending obstetrician.
NCMC has not offered any convincing support for its position that continuous treatment by its employees in different departments within the same hospital is insufficient to toll the Statute of Limitations. The cases cited by NCMC are distinguishable because they involve situations where the plaintiff is attempting to impute continuous treatment of physicians merely affiliated with the defendant hospital (see, Ganess v City of New York, 207 AD2d 765, affd 85 NY2d 733; Pierre-Louis v Ching-Yuan Hwa, 182 AD2d 55; Evra v Hillcrest Gen. Hosp., 111 AD2d 740). The reliance upon the Appellate Division decision in Ganess (supra) is disingenuous. The Court of Appeals affirmed the Appellate Division solely on the very narrow basis that the plaintiff had failed to meet his burden of proving continuous treatment. The only portion of the Ganess decision which even arguably addresses the contention of NCMC is the concurring opinion by Judge Titone. However, Judge Titone merely discusses the theoretical problems with applying the continuous treatment doctrine to two treating clinics under the same umbrella hospital. Additionally, Judge *649 Titone reaches no conclusion but merely leaves the issue to be reached by the Court when properly raised.
In any event, Judge Titone’s concerns seem to be aimed at independent contracting departments within a hospital which may therefore be considered as separate providers of care. Here, the plaintiff went to one provider — NCMC.
Accordingly, the Statute of Limitations on the claim against NCMC has not yet expired.
Additionally, it is noted that NCMC was aware of a possible claim when the petitioner sought preaction disclosure in July 1996 — within 90 days of the petitioner’s last surgery. Accordingly, NCMC cannot claim prejudice.
Therefore, the petitioner’s application for leave to serve a late notice of claim is granted and the notice of claim included in the motion papers is deemed served.