■ DENNIS DIAZ et al., Appellants, v CITY HOSPITAL CENTER AT ELMHURST et al., Respondents. [661 NYS2d 528] —In an action, *inter alia,* to recover damages for medical malpractice, the plaintiffs appeal from (1) a decision of the Supreme Court, Queens County (Levine, J.), dated April 24, 1996, and (2) an order of the same court dated June 25, 1996, and entered upon the decision, which granted the defendants' motion to dismiss the complaint and denied their cross motion to deem the notice of claim timely filed nunc pro tunc.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The instant medical malpractice action is based upon injuries allegedly sustained by the infant plaintiff at the time of his birth on October 9, 1976. The plaintiffs served their initial notice of claim nearly ten years later, in August 1986, without first obtaining leave of court. When the defendants moved to dismiss the action approximately nine years thereafter for failure to file a timely notice of claim, the plaintiffs cross-moved to have their August 1986 notice of claim deemed timely filed, nunc pro tunc. The Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. We affirm.

Since the plaintiffs failed to file a timely notice of claim and failed to make an application to serve a late notice of claim before the applicable Statute of Limitations expired, the Supreme Court was powerless to grant their cross motion *(see,* General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950; *Greco v Incorporated Vil. of Freeport,* 223 AD2d 674; *Guillan v Triborough Bridge & Tunnel Auth.,* 202 AD2d 472). Thus, the Supreme Court properly denied the plaintiffs' cross motion and dismissed the complaint. O'Brien, J. P., Joy, Goldstein and Luciano, JJ., concur.