■ In the Matter of SHERRI R. BULGER, Respondent, v NASSAU COUNTY MEDICAL CENTER, Appellant. [697 NYS2d 345] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Nassau County (Phelan, J.), dated September 29, 1998, which, *inter alia,* deemed the petitioner's notice of claim timely served.

Ordered that the order is reversed, on the law, with costs, and the petitioner's application for leave to serve a late notice of claim is denied.

The Supreme Court incorrectly concluded that the continuous treatment doctrine applies to the facts of this case. Where the gap between treatments "exceed[s] the applicable Statute of Limitations period, the continuity of treatment [is] broken", and the continuous treatment doctrine does not apply (*Michaels-Dailey v Shamoian,* 245 AD2d 430, 431; *Concha v Local 1115 Empls. Union Welfare Trust Fund,* 216 AD2d 348, 350; *Arias v Southside Hosp.,* 203 AD2d 220). In the instant case, the petitioner did not receive treatment from Nassau County Medical Center (hereinafter NCMC) for her condition between July 1996, and January 1998, a period which exceeds the applicable Statute of Limitations of one year and 90 days (*see,* General Municipal Law § 50-i; *Castelli v Nassau County Med. Ctr.,* 244 AD2d 379).

Additionally, because the petitioner did not seek leave to serve NCMC with a late notice of claim until May 1998, well after the Statute of Limitations had expired, the Supreme Court was without authority to grant the petitioner's application (*see,* General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950, 954; *Diaz v City Hosp. Ctr.,* 241 AD2d 507; *Greco v Incorporated Vil. of Freeport,* 223 AD2d 674, 675). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.