■ In the Matter of N.M. and Another, Respondents, and CLAUDIA E.-Y., Respondent-Appellant, v WESTCHESTER COUNTY HEALTH CARE CORPORATION, Appellant-Respondent. [781 NYS2d 370]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the Westchester County Health Care Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered November 15, 2002, as granted that branch of the petition which was for leave to serve a late notice of claim on behalf of the infant petitioners, N.M. and J.M., and the petitioner Claudia E.-Y. appeals from so much of the same order as denied that branch of the petition which was for leave to serve a late notice of claim in her individual capacity.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof granting that branch of the petition which was for leave to serve a late notice of claim on behalf of the infant petitioners, N.M. and J.M., and substituting therefor a provision denying that branch of the petition; as so modified, the order is affirmed, with one bill of costs to the appellant-respondent Westchester County Health Care Corporation.

The Supreme Court improvidently exercised its discretion in granting the infant petitioners leave to serve a late notice of claim against the Westchester County Health Care Corporation (hereinafter WCHCC). The petitioners failed to demonstrate a reasonable excuse for the delay after the infant petitioners revealed that they had been sexually abused, or that there was a nexus between the infancy and the delay in serving the notice (*see Matter of Brown v County of Westchester*, 293 AD2d 748 [2002]; *Rabanar v City of Yonkers*, 290 AD2d 428 [2002]; *Matter of Cuffee v City of New York*, 255 AD2d 440, 441 [1998]; *cf. Matter of Knightner v City of New York*, 269 AD2d 397 [2000]).

The Supreme Court correctly denied that branch of the petition which was for leave to serve a late notice of claim on behalf of the petitioner Claudia E.-Y. in her individual capacity. General Municipal Law § 50-e permits a court to grant an application to serve a late notice of claim, but the statute precludes the court from granting an extension that would exceed "the time limited for the commencement of an action by the claimant against the public corporation" (General Municipal Law § 50-e [5]). Thus, the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, the applicable statute of limitations period for commencement of an action against WCHCC, unless the statute has been tolled (*see*

General Municipal Law § 50-i [1]; *Pierson v City of New York*, 56 NY2d 950, 954 [1982]; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 262-263; *Wollins v New York City Bd. of Educ.*, 8 AD3d 30 [ 2004]; *Hall v City of New York*, 1 AD3d 254, 255 [2003]).

There is no "delayed discovery" rule to toll the statute of limitations in actions to recover damages for personal injuries based on sexual abuse, and therefore, the claim of Claudia E.-Y. is governed by the general rule that the statute of limitations begins to run at the time of the commission of the alleged tortious act (*see Mars v Diocese of Rochester*, 6 AD3d 1120 [2004]; *Bassile v Covenant House*, 191 AD2d 188 [1993]). Claudia E.-Y. concedes that the last known assault on the infant petitioners occurred in September 2000. Thus, her claim accrued then. Because Claudia E.-Y. did not seek leave to serve WCHCC with a late notice of claim until September 2002, well after the one year and 90-day statute of limitations period had expired, the Supreme Court was without authority to grant the branch of the petition concerning her claim (*see* General Municipal Law § 50-e [5]; *Pierson v City of New York, supra; Matter of Bulger v Nassau County Med. Ctr.*, 266 AD2d 212 [1999]; *Diaz v City Hosp. Ctr. at Elmhurst*, 241 AD2d 507 [1997]; *Perry v City of New York*, 238 AD2d 326 [1997]). Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.