■ ADAM H. et al., Respondents-Appellants, v COUNTY OF ORANGE et al., Appellants-Respondents, et al., Defendants. [887 NYS2d 603]—

In an action to recover damages for personal injuries, etc., the defendants County of Orange and Orange County Department of Social Services appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Giacomo, J.), dated March 25, 2008, as granted that branch of the plaintiffs' motion which was for leave to serve a late notice of claim upon them on behalf of the infant plaintiffs, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were pursuant to General Municipal Law § 50-e (8) for leave to dispense with the service of a notice of claim upon the defendants County of Orange and Orange County Department of Social Services by or on behalf of the infant plaintiffs and to preclude those defendants from asserting the defense that the infant plaintiffs failed to serve a notice of claim on them pursuant to General Municipal Law § 50-e.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was pursuant to General Municipal Law § 50-e (8) for leave to dispense with the service of a notice of claim upon the defendants County of Orange and Orange County Department of Social Services by or on behalf of the infant plaintiffs

and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiffs' motion which was for leave to serve a late notice of claim upon the defendants County of Orange and Orange County Department of Social Services on behalf of the infant plaintiffs and substituting therefor a provision denying that branch of the motion as unnecessary; as so modified, the order is affirmed, with one bill of costs payable by the defendants County of Orange and Orange County Department of Social Services to the plaintiffs.

General Municipal Law § 50-e generally requires that a notice of claim be served upon a municipality as a condition precedent to the commencement of an action sounding in tort against that municipality. General Municipal Law § 50-e (8) provides, however, that, among other things, the notice of claim requirement shall not apply to claims against public entities by their own infant wards.

The Orange County Department of Social Services (hereinafter the DSS) was awarded temporary custody of the four infant plaintiffs from April 28, 2005 until March 23, 2007, upon a finding of neglect against the plaintiff mother based upon her illegal drug use. The infant plaintiffs were placed in the foster home of Alvin Laracuente, also known as Elvin Laracuente, and Elizabeth Laracuente. The complaint alleges that the infant plaintiffs, while residing in that foster home, were sexually abused by the defendant Alvin Laracuente, also known as Elvin Laracuente. The infant plaintiffs eventually were returned to the custody of the plaintiff mother, who initiated this action after an investigation by the DSS substantiated the allegations of sexual abuse. The plaintiffs did not, however, serve a notice of claim upon the municipal defendants pursuant to General Municipal Law § 50-e.

"Where, as here, the prospective defendant [the County of Orange] and its own agency [the DSS] were the only parties reasonably situated to ascertain the existence of the claim and to prosecute the claim, it would be an idle gesture to require that they [serve] a notice of claim against themselves" (*Gibbs v City of New York*, 23 AD2d 665, 665-666 [1965]). Furthermore, "[w]hen the Department [of Social Services] has a child under its care, custody and control, the Commissioner of Social Services is in a parental relationship to such child . . . and has an obligation to insure the welfare of the child" (*Figueroa v Orange County*, 158 Misc 2d 452, 454 [1993] [citations omitted]). Here, the infant plaintiffs were in the custody and care of the DSS and under its control during the 90-day period in which a notice

of claim generally is required to be served pursuant to General Municipal Law § 50-e. Moreover, the infant plaintiffs did not have an independent guardian who was responsible for and capable of protecting their rights at that time, as they were removed from their mother's custody due to her inability to adequately care for them (*see Figueroa v Orange County*, 158 Misc 2d at 454). Under these circumstances, the infant plaintiffs were wards of the DSS and, hence, were not required to serve a notice of claim upon the County as a condition precedent to the commencement of an action on their behalf against the County or the DSS (*see* General Municipal Law § 50-e [8]).

Accordingly, the Supreme Court should have denied, as unnecessary, that branch of the plaintiffs' motion which was for leave to serve a late notice of claim upon the municipal defendants on behalf of the infant plaintiffs, and should have granted that branch of the plaintiffs' motion which was pursuant to General Municipal Law § 50-e (8) for leave to dispense with the service of a notice of claim upon the municipal defendants by or on behalf of the infant plaintiffs.

In light of the foregoing, the parties' remaining contentions have been rendered academic. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.