█ Adam H. et al., Respondents, v County of Orange et al., Appellants, et al., Defendants. [887 NYS2d 605]—

In an action to recover damages for personal injuries, etc., the defendants County of Orange and Orange County Department of Social Services appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Giacomo, J.), dated June 12, 2008, as denied that branch of their motion which was to dismiss the complaint insofar as asserted against them, inter alia, on the ground that the plaintiffs failed to serve a notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants County of Orange and Orange County Department of Social Services which was to dismiss the second cause of ac-

tion insofar as asserted by the plaintiff Lisa W. against them and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

For the reasons stated in our decision and order on a companion appeal (*see Adam H. v County of Orange*, 66 AD3d 737 [2009] [decided herewith]), the Supreme Court properly denied that branch of the motion of the defendants County of Orange and Orange County Department of Social Services (hereinafter the municipal defendants) which was to dismiss the first cause of action insofar as asserted by the infant plaintiffs against them.

The Supreme Court, however, erred in denying that branch of the motion of the municipal defendants which was to dismiss the second cause of action insofar as asserted by the plaintiff Lisa W. against them. General Municipal Law § 50-e permits a court to grant an application to serve a late notice of claim, but the statute precludes the court from granting an extension that would exceed "the time limited for the commencement of an action by the claimant against the public corporation" (General Municipal Law § 50-e [5]). Thus, an application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, the applicable limitations period for the commencement of a tort action against the municipal defendants, unless the statute has been tolled (*see* General Municipal Law § 50-i [1]; CPLR 208; *Pierson v City of New York*, 56 NY2d 950, 954 [1982]; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 262-263 [1980]; *Wollins v New York City Bd. of Educ.*, 8 AD3d 30, 31 [2004]).

Here, the last possible date of alleged sexual abuse of the infant plaintiffs was February 16, 2006. The plaintiff mother did not commence this action until October 30, 2007. Since the plaintiff mother failed to move for leave to serve a late notice of claim within the one-year-and-90-day limitations' period applicable to her claim against the municipal defendants, she is foreclosed from seeking that relief. Moreover, since the plaintiff mother is not an infant, she is not entitled to a tolling of the applicable limitations period pursuant to CPLR 208 with respect to her derivative cause of action (*see* General Municipal Law § 50-i; *Blackburn v Three Vil. Cent. School Dist.*, 270 AD2d 298, 299 [2000]). Accordingly, the court is without authority to permit late service of a notice of claim upon the municipal defendants with respect to the derivative cause of action asserted by the plaintiff mother in her individual capacity (*see*

*Pierson v City of New York*, 56 NY2d at 954-956; *Eglit v County of Westchester*, 46 AD3d 504, 505 [2007]; *Matter of N.M. v Westchester County Health Care Corp.*, 10 AD3d 421, 423 [2004]; *Blackburn v Three Vil. Cent. School Dist.*, 270 AD2d at 299).

The municipal defendants' remaining contentions are either without merit or not properly before us. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.