■ JOSEPH NAPPI, as Administrator of the Estate of ANGELICA NAPPI, Deceased, et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [914 NYS2d 247]—

In an action to recover damages for personal injuries, negligent infliction of emotional distress, and wrongful death, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated April 16, 2010, which granted the plaintiffs' motion pursuant to General Municipal Law § 50-e (5) to deem their late notice of claim on behalf of the plaintiff Joseph Nappi, as administrator of the estate of Angelica Nappi, and their late notice of claim on behalf of the infant plaintiff, Nicolette Nappi, timely served nunc pro tunc.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion to deem their late notice of claim on behalf of the plaintiff Joseph Nappi, as administrator of the estate of Angelica Nappi, and their late notice of claim on behalf of the infant plaintiff, Nicolette Nappi, timely served nunc pro tunc is denied.

That branch of the plaintiffs' motion which was to deem their late notice of claim on behalf of the plaintiff Joseph Nappi, as administrator of the estate of Angelica Nappi, with respect to the claim alleging wrongful death, to be timely served upon the defendant, nunc pro tunc, should have been denied. The plaintiffs failed to serve a notice of claim within 90 days from the appointment of a representative of the decedent's estate (see General Municipal Law § 50-e [1] [a]; *Mandel v New York City Health & Hosps. Corp.*, 43 AD3d 1005 [2007]; *Mack v City of New York*, 265 AD2d 308 [1999]), and their late service without leave of court was a nullity (see *Maxwell v City of New York*, 29 AD3d 540 [2006]; *Santiago v City of New York*, 294 AD2d 483 [2002]; *Henry v Aguilar*, 282 AD2d 711 [2001]). The plaintiffs were required to move within two years after the death of the decedent for leave to serve a late notice of claim with respect to the claim alleging wrongful death (see General Municipal Law § 50-i [1]; *Heslin v County of Greene*, 14 NY3d 67, 72 [2010]; *Collins v City of New York*, 55 NY2d 646, 647-648 [1981]; *Miller v County of Sullivan*, 36 AD3d 994, 996 [2007]; *Guillan v Triborough Bridge & Tunnel Auth.*, 202 AD2d 472 [1994]). Since the plaintiffs failed to make a timely application for such relief, the court lacked the power to deem the late notice of claim on behalf of the estate with respect to the claim alleging wrongful death to be timely served, nunc pro tunc (see *Pierson v City of New York*, 56 NY2d 950, 956 [1982]; *Adam H. v County of Orange*, 66 AD3d 739, 740 [2009]; *Matter of N.M. v Westchester County Health Care Corp.*, 10 AD3d 421, 423 [2004]; *Jones v*

*City of New York,* 300 AD2d 359 [2002]; *Matter of Bulger v Nassau County Med. Ctr.,* 266 AD2d 212 [1999]).

That branch of the plaintiffs' motion which was to deem their notice of claim on behalf of the infant plaintiff with respect to the claim to recover damages for personal injuries and negligent infliction of emotional distress to be timely served, nunc pro tunc, should also have been denied. The plaintiffs failed to establish that the defendants received actual timely notice of the essential facts constituting their claim (*see Matter of Mitchell v City of New York,* 77 AD3d 754 [2010]; *Matter of Bush v City of New York,* 76 AD3d 628, 629 [2010]; *Matter of Monfort v Rockville Ctr. Union Free School Dist.,* 56 AD3d 480 [2008]; *Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138, 147 [2008]). Furthermore, the plaintiffs failed to establish that the delay of more than two years after the subject accident in making this motion did not substantially prejudice the defendant's ability to maintain a defense on the merits (*see Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d at 148; *Matter of Acosta v City of New York,* 39 AD3d 629, 630 [2007]; *Matter of Henriques v City of New York,* 22 AD3d 847, 848 [2005]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.