■ DARRYL FIELDS, Respondent, v CITY OF BUFFALO, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The claimant moved for permission to file a late notice of claim more than one year and 90 days after the occurrence on which the claim is based (see General Municipal Law, §§ 50-e, 50-i). He claimed that the Statute of Limitations was tolled by reason of his insanity (CPLR 208). Special Term found that the city would not be prejudiced by the delay in filing a late notice of claim and ordered a hearing be held on the issue of insanity as well as on the issue of whether the city had actual notice of the facts constituting the claim.

Special Term's finding that the city would not be prejudiced by the delay is stricken. Prejudice to the city depends, in part, upon

whether the city had actual knowledge of the facts (see *Matter of Beary v City of Rye,* 44 NY2d 398, 412-413). The hearing Judge, in determining whether to grant permission to file a late notice of claim, should consider all of the factors set forth in section 50-e of the General Municipal Law, including " 'all other relevant facts and circumstances' " (*Matter of Beary v City of Rye,* 44 NY2d 398, 407, *supra*) and the hearing ordered by Special Term should encompass these factors. (Appeal from order of Supreme Court, Erie County, Green, J. — late notice of claim.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.