■ DAVID HOOPER, as Conservator for the Property of Terrance Hooper, Conservatee, Respondent, v ANDREW MELONI, as Sheriff of Monroe County, et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: The complaint alleges in part that two Monroe County Deputy Sheriffs removed plaintiff, Terrance Hooper, then 16 years of age, from a bowling hall at the request of the proprietor because Terrance was intoxicated. The deputies drove him to a location near his home and negligently discharged him from their patrol car on a dark, rural road. Shortly thereafter, he was struck by a car and sustained serious brain damage. The complaint also contains allegations concerning the negligence of the Sheriff in failing to properly train and instruct his deputies. Special Term denied the motion of the Sheriff and

his deputies to dismiss the complaint on the grounds that it failed to state a cause of action and that it was time barred. Defendants appeal.

A Sheriff is not liable for the tortious acts of his deputies while performing criminal justice functions *(Barr v County of Albany,* 50 NY2d 247, 257). In taking Terrance into custody and releasing him, the deputies were performing criminal rather than civil functions *(see, Commisso v Meeker,* 8 NY2d 109, 122, *mot to amend remittitur granted* 8 NY2d 1015; *Matter of Flaherty v Milliken,* 193 NY 564).

Although, in this case, the Sheriff is not liable for the negligence of his deputies, he may be liable for his own negligence. We deem the allegations of the complaint sufficient to allege negligence on the part of the Sheriff in failing to adequately train and instruct his deputies *(see, Barr v County of Albany,* 50 NY2d 247, *supra).* On this motion to dismiss the complaint, we are not faced with the issue of whether the plaintiff has a cause of action, but we are concerned solely with the limited question whether the complaint states a cause of action *(see, Barr v County of Albany, supra,* p 257).

Special Term properly denied defendants' motion to dismiss the action as time barred. In opposition to the motion to dismiss, plaintiff submitted evidence demonstrating that his severe brain injury deprived him of an over-all ability to function in society and defendants submitted no evidence to the contrary. Thus, the Statute of Limitations was tolled because of plaintiff's insanity. Although the question of an individual's mental capabilities is usually one of fact, where no issues of fact are raised by the motion papers, the issue should be decided as a matter of law *(see, Eisenbach v Metropolitan Transp. Auth.,* 62 NY2d 973; *Kelly v Solvay Union Free School Dist.,* 116 AD2d 1006). (Appeal from amended order of Supreme Court, Monroe County, Boehm, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Schnepp, JJ.