■ NICHOLAS CAULEY, Appellant, v STATE OF NEW YORK, Respondent. [638 NYS2d 106] —In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (NeMoyer, J.), entered January 25, 1993, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

On June 27, 1988, the claimant, an inmate incarcerated at the Sing Sing Correctional Facility (hereinafter Sing Sing), was assaulted by another inmate, and sustained a severe injury to his right eye. The claimant received immediate attention at the Sing Sing emergency room. Thereafter, within a period of two weeks, the claimant was seen by an emergency room physician at Phelps Memorial Hospital Center, as well as an opthalmologist and two plastic surgeons affiliated with that hospital. On July 11, 1988, the claimant saw the last of those physicians, a plastic surgeon, who recommended "Surgical correction * * * [a]s soon as possible". On July 19, 1988, the operating room was reserved for the claimant's surgery, which was performed on July 28, 1988. The surgical result was, in the surgeon's opinion, "not perfect", because four weeks had elapsed between the time of injury and the operation.

The claimant maintains that the substantial delay in providing him with necessary medical attention and treatment constituted negligence on the part of Sing Sing officials, and that, as a result, he obtained a less-than-optimal result from the surgery, and required further surgical intervention and medical treatment. The trial court concluded that despite the expert testimony of the claimant's medical witnesses that the delay in the surgery was excessive, in the absence of proof that Sing Sing officials were aware of the urgency of the situation, the preponderance of the credible evidence established that they "provided the claimant with prompt and adequate medical care".

"[A] duty of ordinary care is owed by prison authorities to provide for the health and care of their charges" *(Gordon v*

*City of New York,* 120 AD2d 562, *affd* 70 NY2d 839; *see, Matter of Farace v State of New York,* 176 AD2d 1228). Contrary to the defendant's contention, the determination of the Court of Claims was supported by the record and should not be disturbed. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.