■ In the Matter of WILLIAM F. BUTLER, SR., et al., Appellants, v TOWN OF RAMAPO et al., Respondents. [662 NYS2d 93] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated April 18, 1994, which, after a hearing, in effect, denied the application.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith.

The petitioners' conservatee was injured on February 20, 1988, when his car left the pavement of a county road and crashed in a wooded area. On May 4, 1988, a notice of claim was served on the respondent Town, but not on the County, and no action was commenced at that time. In October 1989, a conservatorship proceeding was commenced by the injured driver's parents. By order dated March 12, 1990, the Supreme Court, Rockland County (Palella, J.), granted the application to appoint conservators and provided, inter alia, that the conservators were "fully empowered" to represent the conservatee in litigation against the Town "by filing a notice of claim within 90 days of the date of this order."

On April 3, 1990, the petitioners served a notice of claim upon the Town and the County. The County rejected the notice of claim as untimely, and the petitioners commenced this proceeding in June 1990 for leave to serve a late notice of claim, arguing, inter alia, that the Statute of Limitations was tolled by the conservatee's disability of insanity.

By order dated March 26, 1991, the court rejected the petitioners' claim that the conservatee's disability of insanity was conclusively established by the conservatorship proceeding, and directed that a hearing take place to determine whether the Statute of Limitations was tolled. The court wrote

that if the Statute of Limitations was tolled, a hearing would then be held "to determine whether late notice should be permitted."

At the conclusion of the hearing, on December 22, 1993, the court issued an oral ruling finding that while the conservatee "certainly didn't have [an overall ability to function in society] in 1988", he did have such an ability "in November of 1989, [at the] very latest, I believe sooner." The court therefore concluded that there was "no proper notice" on the County, and no proper service of a summons and complaint upon it. Further, "although there may be service on the Town of Ramapo, there was never any proper service of a summons and complaint on the Town of Ramapo within the required period."

The Supreme Court correctly rejected the petitioners' assertion that the March 12, 1990, order appointing them conservators precluded further inquiry into the conservatee's mental status and his eligibility to invoke the toll of insanity (*see,* Mental Hygiene Law former § 77.25 [b], now § 81.29 [b]). There is also ample support in the record for the court's conclusions of fact that the disability began at the time of the accident in 1988 and ended in November 1989. The court erred, however, in failing to conduct a second hearing to determine whether serving a late notice of claim should be permitted.

Service of a notice of claim is "governed by the provisions of section 50-e of the General Municipal Law which provides that the notice of claim must ordinarily be served within 90 days after the cause of action accrues. The court may extend the time to serve for the period of the applicable Statute of Limitations, however, including any particular tolls or extensions" (*Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630, 633; *see,* General Municipal Law § 50-e [5]; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). The period during which an extension may be granted is coextensive with the Statute of Limitations governing the claim, and where the time for commencing an action on the claim is tolled under CPLR 208, there will be a concomitant tolling of the time during which late notice of claim may be served (*see,* General Municipal Law § 50-i [1] [c]; *Pierson v City of New York,* 56 NY2d 950; *Cohen v Pearl Riv. Union Free School Dist., supra,* at 262-263).

CPLR 208 provides in pertinent part that "[i]f a person entitled to commence an action is under a disability because of * * * insanity at the time the cause of action accrues, and * * * the time otherwise limited [for commencing the action] is less than three years, the time shall be extended by the period

of disability." The insanity toll of CPLR 208 was "meant to extend * * * to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548-549; *see, Barnes v County of Onondaga,* 65 NY2d 664).

Here, the action accrued on the date of the accident, February 20, 1988. Pursuant to the court's findings of fact, however, the Statute of Limitations was tolled on that date until November 1989 and started running sometime during the latter month. Accordingly, although the notices of claim were served in April 1990, more than 90 days after November 1989, the application for leave to file late notices of claim, made in June 1990, was timely since the applicable Statute of Limitations, one year and 90 days, had not expired, and the court had discretion to grant leave to file late notices of claim. Since the court did not reach that issue, the matter must be remitted to the Supreme Court to permit it to exercise its discretion after consideration of the factors and circumstances relevant to an application for leave to serve late notices of claim (*see,* General Municipal Law § 50-e [5]). Miller, J. P., Ritter, Krausman and Florio, JJ., concur.