■ Scott Blackburn et al., Appellants, v Three Village Central School District, Respondent. [705 NYS2d 53] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated January 25, 1999, which granted the defendant's motion for leave to further amend its answer to assert the affirmative defense of the Statute of Limitations against the infant plaintiff and to dismiss the complaint as time-barred.

Ordered that the order is modified, on the law, by (1) deleting the first decretal paragraph thereof and substituting therefor a provision denying that branch of the defendant's motion which was to further amend its answer to include the affirmative defense of the Statute of Limitations against the infant plaintiff, and (2) deleting from the second decretal paragraph thereof the word "granted" and substituting therefor the phrase "denied as to the first cause of action in the complaint, and is otherwise granted"; as so modified, the order is affirmed, without costs or disbursements, and the first cause of action is reinstated.

The infant plaintiff Scott Blackburn was allegedly injured when he fell from a swing at an elementary school playground on November 18, 1996. His mother, the plaintiff Lauren Blackburn, timely served a notice of claim on the defendant school district pursuant to General Municipal Law § 50-e. This action was commenced in February 1998, more than one year and 90 days after the accident occurred (see, General Municipal Law § 50-i). The defendant asserted a Statute of Limitations defense as to Lauren Blackburn's derivative cause of action. Subsequently, the defendant sought leave to amend its answer to also include a Statute of Limitations defense as to the infant plaintiff's cause of action and to dismiss the entire complaint as time-barred under General Municipal Law § 50-i.

The toll for infancy pursuant to CPLR 208 applies to the Statute of Limitations set forth in General Municipal Law § 50-i, even though a parent or guardian has complied with General Municipal Law § 50-e by timely serving a notice of claim (see, Henry v City of New York, 94 NY2d 275). Since Scott Blackburn was under the age of 18 when his cause of action accrued, it is not time-barred. However, since the infancy

toll does not apply to a parent's derivative claim, Lauren Blackburn's cause of action was properly dismissed (*see, Ann Mary J. v City of New York, Health & Hosps. Corp.,* 204 AD2d 690; *Cruz v City of New York,* 200 AD2d 407). Accordingly, the defendant's motion is denied insofar as it sought dismissal of Scott Blackburn's cause of action, and the first cause of action in the complaint is reinstated. O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.