■ DONG T. CHEN, Individually and as Mother and Natural Guardian of BRIAN CHEN, an Infant, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORP., Respondent. [705 NYS2d 66] —In a medical malpractice action, the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated

March 12, 1999, which granted the defendant's motion for leave to amend its answer to assert the defense of the Statute of Limitations and for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were for leave to amend its answer and for summary judgment with respect to the first and second causes of action, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

This medical malpractice action arises out of the treatment of the infant plaintiff at the defendant's Elmhurst General Hospital from January 11, 1989, through June 13, 1989, when the infant plaintiff was between five and ten months old. By order dated July 10, 1991, the plaintiffs' notice of claim dated May 20, 1991, was deemed timely served. On November 10, 1992, a summons and complaint was served upon the defendant. In January 1999, the defendant moved for leave to amend its answer to interpose the defense of the Statute of Limitations and for summary judgment thereon based upon this Court's decision in *Henry v City of New York* (244 AD2d 93). The Supreme Court granted the motion and the plaintiffs appealed.

On December 20, 1999, the Court of Appeals reversed this Court's order and denied the City's motion to dismiss the complaint in *Henry v City of New York* (94 NY2d 275), holding that "CPLR 208 tolls a Statute of Limitations for the period of infancy, and the toll is not terminated by the acts of a guardian or legal representative in taking steps to pursue the infant's claim". Accordingly, as conceded by the defendant, since the infant plaintiff was four years of age at the time the action was commenced, so much of the defendant's motion as was to amend its answer to assert a Statute of Limitations defense as to the first and second causes of action asserted on behalf of the infant plaintiff and for summary judgment dismissing those causes of action must be denied. However, summary judgment was properly granted dismissing the third cause of action since the infancy toll is personal to the infant and does not extend to the mother's derivative claim (*see, Myrick v County of Suffolk,* 139 AD2d 633, 634). Altman, J. P., Friedmann, Krausman and Feuerstein, JJ., concur.