■ KRIS SMITH et al., Appellants, v LONG BEACH CITY SCHOOL DISTRICT et al., Respondents. [715 NYS2d 707] —In an action, *inter alia*, to recover damages for negligent infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Dunne, J.), entered August 20, 1999, which granted the defendants' motion to dismiss the complaint as barred by the Statute of Limitations.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were to dismiss the first through fifth causes of action, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The defendants concede that in light of the Court of Appeals decision in *Henry v City of New York* (94 NY2d 275), the infant plaintiff's first through fifth causes of action were not time-barred and must be reinstated. However, those branches of the defendants' motion which were to dismiss the causes of action asserted on behalf of the infant plaintiff's parents were properly granted. The infancy toll is personal to the infant and does not extend to the parents' derivative claims (*see, Dong T. Chen v New York City Health & Hosps. Corp.,* 270 AD2d 445; *Blackburn v Three Vil. Cent. School Dist.,* 270 AD2d 298; *Myrick v County of Suffolk,* 139 AD2d 633). Any delay in compliance with General Municipal Law § 50-h did not toll the Statute of Limitations (*see, Mignott v New York City Health & Hosps. Corp.,* 250 AD2d 165).

We agree with the defendants that the infant plaintiff's twelfth cause of action should be dismissed on the alternative ground that it failed to state a cause of action (*see, Dubroff v Evergreen Bank,* 265 AD2d 644). Sullivan, J. P., Krausman, Goldstein and Schmidt, JJ., concur.