JOHN SEPPALA, Appellant, v MEADOWBROOK CARE CENTER, INC., Respondent. [738 NYS2d 79] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Skelos, J.), entered May 2, 2001, which granted the defendant's motion to dismiss the complaint, inter alia, on the ground that it is barred by the statute of limitations.

Ordered that the order is affirmed, with costs.

In February 1997 the plaintiff's decedent, a woman then in her 80's, allegedly fell on three separate occasions in the defendant nursing home and suffered injuries due to the negligence of the defendant. The parties concede that the applicable statute of limitations period is three years (*see,* CPLR 214 [5]). This personal injury action was commenced by the executor of the decedent's estate more than three years after the date of the decedent's last fall but within three years of her death. Although the decedent died 53 days after the last fall, there was no allegation that her death was due to the defendant's negligence.

CPLR 208 provides for a toll of the statute of limitations where the person entitled to commence an action is under a disability due to infancy or insanity (*see, Costello v North Shore Univ. Hosp. Ctr.,* 273 AD2d 190). An individual will be

considered disabled if that person is "unable to protect [his or her] legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548; *see, Matter of Cerami v Rochester School Dist.,* 82 NY2d 809, 812). A party seeking to toll the statute of limitations until the death of a person who is disabled must show that the disability was not only present when the cause of action accrued but continued thereafter until death (*see,* CPLR 208; *Graboi v Kibel,* 432 F Supp 572, 579; *see generally, Jordan v State of New York,* 56 Misc 2d 1032, 1034-1035).

The Supreme Court held a hearing solely on the issue of insanity to determine if the plaintiff was entitled to the benefit of the tolling provisions of CPLR 208. The plaintiff offered no evidence in support of a finding of insanity after the date of the last fall. Accordingly, the statute of limitations was not tolled beyond that date. Since the action was not commenced within the three-year statute of limitations, the motion to dismiss the complaint was properly granted. Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.