■ IVETTE SANTANA, Plaintiff, v UNION HOSPITAL OF THE BRONX et al., Defendants. (Action No. 1.) IVETTE SANTANA,

Appellant, v UNION HOSPITAL OF THE BRONX et al., Defendants, and DOMINIC ARO, Respondent. (Action No. 2.) [751 NYS2d 444] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered July 12, 2001, insofar as it granted the motion of defendant Dominic Aro, M.D., to dismiss the complaint as against him as time-barred, unanimously reversed, on the law, without costs, the determination of the motion vacated, and the matter remanded for a hearing on whether plaintiff is subject to the insanity toll of CPLR 208.

On August 31, 1996, while undergoing a cesarean section at defendant Union Hospital, plaintiff suffered cardiac arrest resulting in anoxic encephalopathy, hemiplegia of the right side and global aphasia.* Plaintiff was immediately transferred to St. Barnabas Hospital and was ultimately discharged to Concourse Rehabilitation and Nursing Center on September 23, 1996, where she remained until September 1997. The instant action, which was not commenced until February 4, 2000, was dismissed as against defendant Aro as untimely.

Plaintiff maintains that Supreme Court should have applied CPLR 208 to toll the statute of limitations (CPLR 214-a) until at least September 18, 1997, the date of her discharge from Concourse. In support of her cross motion to extend the period of limitation, plaintiff submitted an affidavit stating that, upon her release from the nursing home, she was barely able to speak and could read only a few words. In addition, she was confined to a wheelchair and paralyzed on the right side. She argues that the complete inability to communicate rendered her "unable to * * * protect her rights because of an overall inability to function in society stemming solely from the brain damage incurred" (*see McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548).

The latest medical document contained in the record is dated September 23, 1996, the day plaintiff entered the nursing home. However, the record also contains the uncontroverted affidavit of Howard S. Schwartz, M.D., which recites that he has "reviewed her records from Concourse Rehabilitation Center" and St. Barnabas Hospital. "Upon discharge from Concourse Rehabilitation Center in September 1977, she was unable to function independently * * * she was found to have 'poor recall' and 'difficulty remembering conversations.' She had 'difficulty

---

* "Aphasia" is defined as "defect or loss of the power of expression by speech, writing, or signs, or of comprehending spoken or written language, due to injury or disease of the brain" and, in its "global" form involves "all the functions of spoken or written language and comprehension" (Dorland's Illustrated Medical Dictionary 105 [28th ed 1994]).

expressing her needs secondary to memory loss and global aphasia.'" Dr. Schwartz concluded that "with reasonable medical certainty, the brain damage suffered at Union Hospital is permanent in nature. In addition, it is my opinion that Ms. Santana has been unable to protect her legal rights due to the catastrophic nature of her injuries and brain damage."

Defendant argues that plaintiff has not established that her inability to function in society is attributable to a mental, as opposed to a physical, deficiency so as to qualify for the CPLR 208 insanity toll (*Matter of McBride v County of Westchester*, 211 AD2d 792, 794, *lv denied* 85 NY2d 809). However, while taking issue with the conclusions drawn by Dr. Schwartz, defendant has failed to supply an affidavit from a medical expert of his own. On the paucity of the record, this Court is unable to determine whether plaintiff's disability comes within the ambit of the insanity toll of CPLR 208 (*see Hooper v Meloni*, 123 AD2d 511, 512) and, if so, whether the condition persisted until September 1997 (*see Lynch v Carlozzi*, 284 AD2d 865, 868; *see also Seppala v Meadowbrook Care Ctr.*, 292 AD2d 368, 369). Thus, a hearing is appropriate to determine plaintiff's medical condition in November 1997 (*see McCarthy*, 55 NY2d at 546). Concur—Williams, P.J., Rosenberger, Rubin, Friedman and Gonzalez, JJ.