■ FELIKS VAYNMAN et al., Respondents, v MAIMONIDES MEDICAL CENTER, Defendant, and PETRA GURTNER et al., Appellants. [771 NYS2d 373]—

In an action to recover damages for medical malpractice, etc., the defendants Petra Gurtner and David L. Masel appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated August 27, 2002, as denied that branch of their motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR

3211 (a) (5) as time-barred and (2) from an order of the same court, dated March 5, 2003, which granted that branch of the plaintiffs' cross motion which was to dismiss the statute of limitations affirmative defense.

Ordered that the order dated August 27, 2002, is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the complaint insofar as asserted against the appellants by the plaintiff Feliks Vaynman and substituting therefor a provision granting that branch of the motion; as so modified, the order dated August 27, 2002, is affirmed insofar as appealed from, and the complaint is dismissed insofar as asserted against the appellants by the plaintiff Feliks Vaynman; and it is further,

Ordered that the order dated March 5, 2003, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' cross motion which was to strike the statute of limitations affirmative defense insofar as it relates to the plaintiff Feliks Vaynman and substituting therefor a provision denying that branch of the cross motion; as so modified, the order dated March 5, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the appellants; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for an immediate trial on the issue of whether the statute of limitations on the causes of action asserted on behalf of Galina Novosyolova was tolled pursuant to CPLR 208, and thereafter for a de novo determination of the issue of whether such causes of action were time-barred insofar as asserted against the appellants.

The plaintiff Feliks Vaynman, individually and as the guardian ad litem of his wife, Galina Novosyolova, commenced this action in October 2001 to recover damages for personal injuries arising from alleged malpractice in medical care provided to Novosyolova in early 1995. The appellants, Petra Gurtner, M.D., and David L. Masel, M.D., moved, inter alia, to dismiss the complaint insofar as asserted against them as time-barred. The plaintiffs cross-moved, inter alia, to dismiss that affirmative defense, arguing that the action was timely because the statute of limitations was tolled by Novosyolova's insanity within the meaning of CPLR 208 from the time that the causes of action accrued to the commencement of the action. The Supreme Court, inter alia, denied the appellants' motion to dismiss the complaint insofar as asserted against them and granted the plaintiffs' cross motion to dismiss their affirmative defense.

The toll pursuant to CPLR 208 does not extend to derivative

causes of action (*see Dong T. Chen v New York City Health & Hosps. Corp.*, 270 AD2d 445 [2000]; *Blackburn v Three Vil. Cent. School Dist.*, 270 AD2d 298 [2000]). Thus, the derivative claims insofar as asserted against the appellants should have been dismissed as time-barred (*see* CPLR 214-a).

The Supreme Court erred in dismissing, as a matter of law, the appellants' affirmative defense based on the statute of limitations. The applicability of the toll of CPLR 208 insofar as it concerns Novosyolova's causes of action presents a triable issue of fact (*see generally McCarthy v Volkswagen of Am.*, 55 NY2d 543 [1982]; *Seppala v Meadowbrook Care Ctr.*, 292 AD2d 368 [2002]; *see also Matter of Butler v Town of Ramapo*, 242 AD2d 570 [1997]; Mental Hygiene Law § 81.29 [b]). Because resolution of this issue may permit an expeditious disposition of the action insofar as asserted against the appellants, we remit the matter to the Supreme Court for an immediate trial of the issue (*see Art Stone Theat. Corp. v Technical Programming & Sys. Support of Long Is.*, 157 AD2d 689 [1990]; *Mass v Great Am. Ins. Co.*, 28 AD2d 897 [1967]; CPLR 3211 [c]). Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.