■ SANDRA ROSENFELD, Respondent, v AUSTIN SCHLECKER et al., Appellants. [772 NYS2d 596]—

In an action to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated January 10, 2003, as denied their motion to dismiss the complaint as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing and a new determination on the motion.

CPLR 208 provides for a toll of the statute of limitations where the person entitled to commence an action is under a disability for, among other conditions, insanity (*see Costello v North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation*, 273 AD2d 190, 191 [2000]). The insanity toll was "meant to extend . . . to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548 [1982]; *see Barnes v County of Onondaga*, 65 NY2d 664 [1985]).

The defendants met their initial burden of establishing, prima facie, that the time to commence an action against them had expired (*see Robertson v Motorola Communications & Elecs.*, 299 AD2d 534 [2002]; *Savarese v Shatz*, 273 AD2d 219, 220 [2000]; CPLR 214-a). The burden then shifted to the plaintiff to " 'aver evidentiary facts' establishing that the case falls within an exception to the [s]tatute of [l]imitations" (*Assad v City of New York*, 238 AD2d 456, 457 [1997], quoting *Siegel v Wank*, 183 AD2d 158, 159 [1992]). The certified hospital records submitted by the plaintiff did not resolve the issue in her favor, but created an issue of fact as to the period of time during which she was unable to protect her legal rights. On the paucity of the

record for the period of time from December 30, 1999, to February 15, 2000, this Court cannot determine whether the plaintiff's disability persisted until February 15, 2000, two years and six months before the filing of the complaint (*see Santana v Union Hosp. of Bronx,* 300 AD2d 56, 58 [2002]; *Lynch v Carlozzi,* 284 AD2d 865, 868 [2001]; *see also Seppala v Meadowbrook Care Ctr.,* 292 AD2d 368, 369 [2002]).

Therefore, in accordance with the parties' request, we remit the matter to the Supreme Court, Kings County, for the purpose of holding an evidentiary hearing to determine the period of time the plaintiff was "unable to protect [her] legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am., supra* at 548; *see Santana v Union Hosp. of Bronx, supra;* CPLR 304; *cf.* CPLR 3211 [c]). A new determination on the motion should be made after that hearing. Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.