■ BREANA NARDI et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [795 NYS2d 300]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered February 20, 2004, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (2) and (7) and General Municipal Law § 50-e and granted the plaintiffs' cross motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for leave to serve a late notice of claim on behalf of the plaintiff Jessica Nardi, individually, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff Breana Nardi, an infant, by her mother and natural guardian, Jessica Nardi, and the proposed notice of claim is deemed served.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' cross motion which was for leave to serve a late notice of claim on behalf of the infant plaintiff, Breana Nardi. The appellants had actual knowledge of the claim because they possessed the medical records of the plaintiff Jessica Nardi at the time of the alleged malpractice and the plaintiffs demonstrated an absence of substantial prejudice to the defendants as

the result of the delay (*see Matter of Olsen v County of Nassau,* 14 AD3d 706 [2005]; *Matter of Ramirez v County of Nassau,* 13 AD3d 456, 457 [2004]; *Matter of Celeste v Nassau Health Care Corp./Nassau County Med. Ctr.,* 8 AD3d 271, 272 [2004]; *Rosas v 397 Broadway Corp.,* 309 AD2d 913, 914 [2003]). Moreover, "where, as here, there was actual notice and an absence of prejudice, the absence of a reasonable excuse for failing to timely serve a notice of claim will not bar the granting of leave to serve a late notice of claim" (*Matter of Hendershot v Westchester Med. Ctr.,* 8 AD3d 381, 382 [2004]; *see Medley v Cichon,* 305 AD2d 643, 644-645 [2003]).

Conversely, the Supreme Court improvidently exercised its discretion in granting that branch of the cross motion which was for leave to serve a late notice of claim on behalf of the plaintiff Jessica Nardi, individually. The infancy toll (*see* CPLR 208) is personal to the infant plaintiff, Breana Nardi, and does not extend to the derivative cause of action (*see Vaynman v Maimonides Med. Ctr.,* 4 AD3d 414, 415-416 [2004]; *Smith v Long Beach City School Dist.,* 276 AD2d 785 [2000]; *Dong T. Chen v New York City Health & Hosps. Corp.,* 270 AD2d 445, 446 [2000]). Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.