■ In the Matter of ANDREW T.B. et al., Respondents, v BREWSTER CENTRAL SCHOOL DISTRICT et al., Appellants. [795 NYS2d 718]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Brewster Central School District and Garden Street School appeal from an order of the Supreme Court, Putnam County (Shapiro, J.), dated November 16, 2004, which granted the petition.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the petition which was for leave to serve a late notice of claim on behalf of Patricia B., individually, and substituting therefor a provision denying that branch of the petition; as so modified, the order is affirmed, with costs to the appellants payable by Patricia B., individually.

"General Municipal Law § 50-e is 'intended to protect a public corporation against stale or unwarranted claims and to enable it to investigate claims timely and efficiently' (*Caselli v City of New York,* 105 AD2d 251, 252 [1984] [internal quotation marks omitted]; *see Alvarez v New York City Hous. Auth.,* 203 AD2d 219 [1994]). The determination of a petition for leave to serve a late notice of claim is left to the sound discretion of the court (*see Alvarez v New York City Hous. Auth., supra; Ortega v New York City Hous. Auth.,* 167 AD2d 337 [1990])" (*Matter of Tumm v Town of Eastchester,* 8 AD3d 581 [2004]).

The mandated factors to be considered by the court in this context are "(1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, (2) whether the claimant was an infant or mentally or physically incapacitated, (3) whether the claimant had a reasonable excuse for the delay in filing a notice of claim, and (4) whether the municipality was prejudiced by the delay" (*Rogers v City of Yonkers,* 271 AD2d 593 [2000]; *see Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256 [1980]).

The petitioner mother alleges that her son, the infant petitioner, was sexually abused on the appellants' school bus by older students several times while he was in kindergarten and that she learned of the incidents from the mother of one of the older students in June 2000. The mother immediately contacted

and met with several employees of the appellant Brewster Central School District (hereinafter the District), including the infant's teacher, the school principal, a school social worker, an assistant superintendent, and two other District principals to discuss the incidents. The superintendent was also made aware of the occurrence. The District reported the incidents on June 27, 2000, to the Office of the Sheriff of Putnam County which made a report. At the time of the incidents, the bus was being driven by a substitute bus driver.

The District authorized and paid for psychological treatment for the infant who was seen twice in 2000 by a psychologist in Brewster, New York. However, the infant would not talk about what happened and the treatments were not pursued as the mother did not want to force the infant to speak about them. The petition alleged that in late 2003 the infant petitioner manifested symptoms, to wit, refusal to eat lunch at school, tics, stuttering, jumpy disposition, and head-banging, and treatment with another psychologist as well as the infant's pediatrician was pursued.

The petitioners served a notice of claim on the appellants on April 1, 2004, and filed the petition for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) on April 19, 2004. Although the Supreme Court found that the petitioners failed to demonstrate a reasonable excuse for the delay or to offer a nexus between infancy and the delay in question, it granted the petition on the grounds that the appellants were informed of all the relevant facts about the incidents within a few weeks of their occurrence and were not substantially prejudiced by the delay.

We disagree with the Supreme Court's findings as to reasonable excuse and nexus between infancy and the delay. In this case, these two factors are intertwined. The excuse proffered is that, upon initial psychological treatment, the infant would not discuss the incidents and the petitioner mother chose not to force him to discuss them given that he was then only five years old. Consideration of such circumstances was the proffered reason for the delay between mid-2000 and approximately December 2003, when symptoms of his having been abused emerged. Thus, we find that petitioners established a reasonable excuse for the delay and a nexus between the delay and the infancy (*see Matter of Sanna v Bethpage Pub. Schools Union Free School Dist. 21,* 193 AD2d 606 [1993]; *cf. Rogers v City of Yonkers, supra; Matter of Doe v Goshen Cent. School Dist.,* 13 AD3d 526 [2004]; *Matter of Flores v County of Nassau,* 8 AD3d 377 [2004]; *Matter of Rusiecki v Clarkstown Cent. School Dist.,* 227 AD2d 493 [1996]).

The Supreme Court correctly determined that the appellants had "actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]) within a few weeks of the incidents having occurred. The extensive reporting by the petitioners to several District administrators and staff members immediately following the last incident in June 2000, the District's report to the police, and its offer of psychological treatment to the infant, together clearly reflect contemporaneous, timely, actual knowledge (*see Matter of Hunt v County of Madison,* 261 AD2d 695 [1999]; *Matter of Affleck v County of Nassau,* 240 AD2d 569 [1997]; *Matter of Sanna v Bethpage Pub. Schools Union Free School Dist. 21, supra; cf. Doe v Goshen Cent. School Dist., supra; Young v Board of Educ. of City of N.Y.,* 1 AD3d 194 [2003]; *Matter of Traylor v Comsewogue School Dist.,* 265 AD2d 332 [1999]).

The Supreme Court also correctly determined that the petitioners demonstrated a lack of substantial prejudice to the appellants. The appellants' proof, in opposition, regarding the retirement or cessation of employment of certain staff did not demonstrate "substantia[l] prejudice" (General Municipal Law 50-e [5]; *see Matter of Lanphere v County of Washington,* 301 AD2d 936 [2003] [particularly where there was contemporaneous knowledge of the facts constituting the claim]; *Matter of Hunt v County of Madison, supra; Matter of Kelli A. v Galway Cent. School Dist.,* 241 AD2d 883 [1997]; *Matter of Affleck v County of Nassau, supra; Matter of Sanna v Bethpage Pub. Schools Union Free School Dist. 21, supra; Strobel v County of Lewis,* 147 AD2d 948 [1989]; *Matter of Hill v County of Chemung,* 112 AD2d 653 [1985]; *Fields v City of Buffalo,* 105 AD2d 1148 [1984]).

Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the petition pursuant to General Municipal Law § 50-e (5) which was for leave to serve a late notice of claim on behalf of the infant petitioner. However, the Supreme Court improvidently exercised its discretion in granting that branch of the petition which was for leave to serve a late notice of claim on behalf of the petitioner mother, individually. The infancy toll (*see* CPLR 208) is personal to the infant petitioner, and does not extend to the derivative cause of action (*see Vaynman v Maimonides Med. Ctr.,* 4 AD3d 414, 415-416 [2004]; *Smith v Long Beach City School Dist.,* 276 AD2d 785 [2000]; *Chen v New York City Health & Hosps. Corp.,* 270 AD2d 445, 446 [2000]). Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.