■ In the Matter of AIMEE R. BLAIR, Appellant, v PLEASANTVILLE UNION FREE SCHOOL DISTRICT et al., Respondents. [860 NYS2d 628]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Aimee R. Blair appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 15, 2007, as denied that branch of her motion which was for leave to serve a late notice of claim on behalf of her infant son Derek A. Thomas.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion which was for leave to serve a late notice of claim on behalf of Derek A. Thomas is granted, and the notice of claim on behalf of Derek A. Thomas is deemed served.

The determination as to whether to grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court (*see* General Municipal Law § 50-e [5]). The factors which the court must consider are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense (*see* Education Law § 3813 [2-a]). Considering these factors here, the Supreme Court improvidently exercised its discre-

tion in denying that branch of the appellant's motion which was for leave to serve a late notice of claim on behalf of her infant son Derek A. Thomas. The respondents acquired actual knowledge of the facts underlying the claim within 90 days of the incident (*see Matter of Andrew T.B. v Brewster Cent. School Dist.,* 18 AD3d 745, 748 [2005]; *Matter of Kelli A. v Galway Cent. School Dist.,* 241 AD2d 883, 884-885 [1997]; *Matter of Howe v Village of Trumansburg,* 169 AD2d 1018, 1019 [1991]). Further, it does not appear that they were prejudiced by the delay in serving the notice of claim (*see Matter of Corvera v Nassau County Health Care Corp.,* 38 AD3d 775, 776-777 [2007]; *Matter of Vasquez v City of Newburgh,* 35 AD3d 621, 623 [2006]; *Matter of Tapia v New York City Health & Hosps. Corp.,* 27 AD3d 655, 657 [2006]), which was attributable, in part, to the infancy of the appellant's son and the nature of the brain injury he sustained (*see Matter of Andrew T.B. v Brewster Cent. School Dist.,* 18 AD3d 745, 748 [2005]; *Skamagas v Board of Educ. of W. Hempstead Union Free School Dist.,* 280 AD2d 596, 598 [2001]). Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.