■ MATTHEW A. PICKETT, Respondent, v COUNTY OF ORANGE et al., Defendants, and CARL E. DUBOIS et al., Appellants. [879 NYS2d 182]—

In an action to recover damages for personal injuries, the defendants Carl E. Dubois and Luis Moreno appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Orange County (Giacomo, J.), dated October 31, 2007, which, inter alia, denied that branch of the motion of the defendants County of Orange, Orange County Sheriff's Department, and Carl E. Dubois which was for summary judgment

dismissing the complaint insofar as asserted against Carl E. Dubois, and, in effect, granted the plaintiff's application for leave to amend the caption to substitute Luis Moreno for the defendant "John Doe," and the defendant Correctional Medical Services, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the defendant Luis Moreno from so much of the order as denied that branch of the motion of the defendants County of Orange, Orange County Sheriff's Department, and Carl E. Dubois which was for summary judgment dismissing the complaint insofar as asserted against Carl E. Dubois is dismissed, as he is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeal by the defendant Carl E. Dubois from so much of the order as, in effect, granted the plaintiff's application for leave to amend the caption to substitute Luis Moreno for the defendant "John Doe" is dismissed, as he is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that on the Court's own motion, the notice of appeal of the defendant Luis Moreno is deemed an application for leave to appeal from so much of the order as, in effect, granted the plaintiff's application for leave to amend the caption to substitute Luis Moreno for the defendant "John Doe," and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, in effect, granted the plaintiff's application for leave to amend the caption to substitute Luis Moreno for the defendant "John Doe," and substituting therefor a provision denying the application; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants Carl E. Dubois and Correctional Medical Services, Inc., and one bill of costs to the defendant Luis Moreno payable by the plaintiff.

The plaintiff brought this action against, among others, Carl E. Dubois, the Sheriff of Orange County (hereinafter the Sheriff), a corrections officer named as "John Doe," and Correctional Medical Services, Inc. (hereinafter CMS). The plaintiff alleged that while he was an inmate at the Orange County jail he began making complaints of stomach pain on June 5, 2004 and submitted a medical request form. He alleged that he complained again on the next day to two different corrections officers, but was not taken to see the nurse until June 7, 2004. He was taken to the hospital shortly thereafter and diagnosed with a ruptured appendix.

The Supreme Court properly determined that, although the Sheriff could not be held liable for the acts or omissions of his deputies (*see Barr v County of Albany,* 50 NY2d 247, 258 [1980]; *Trisvan v County of Monroe,* 26 AD3d 875 [2006]; *Green v County of Fulton,* 123 AD2d 88, 90 [1987]), he could be held liable for failure to properly train and instruct his deputies (*see Bardi v Warren County Sheriff's Dept.,* 194 AD2d 21, 24 [1993]; *Hooper v Meloni,* 123 AD2d 511 [1986]; *see also Barr v County of Albany,* 50 NY2d at 257). Further, summary judgment as to this cause of action was properly denied because there are issues of fact as to whether the training and regulations for corrections officers were adequate and whether any resulting delay in treatment caused or exacerbated the plaintiff's injuries (*cf. Cauley v State of New York,* 224 AD2d 381 [1996]; *Kagan v State of New York,* 221 AD2d 7, 11 [1996]; *Marchione v State of New York,* 194 AD2d 851 [1993]).

CMS's separate motion for summary judgment also was properly denied. Although CMS met its prima facie burden by coming forward with evidence establishing it that could not have caused the delay in the plaintiff's treatment because it never received a medical request form from the plaintiff (*see Zuckerman v City of New York,* 49 NY2d 557, 560 [1980]), the plaintiff raised a triable issue fact through his deposition testimony that he filled out and submitted a medical request form two days before he was eventually seen by a nurse (*see Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067 [1979]).

However, the Supreme Court improperly, in effect, granted the plaintiff's application for leave to amend the complaint to substitute Luis Moreno for "John Doe," since the statute of limitations had expired at the time that the application was made (*see Green v County of Fulton,* 123 AD2d 88, 90 [1987]), and the plaintiff failed to demonstrate that the relation-back doctrine applied (*cf., Schiavone v Victory Mem. Hosp.,* 292 AD2d 365, 365-366 [2002]; *Buran v Coupal,* 87 NY2d 173, 178 [1995]).

The parties' remaining contentions either have been rendered academic or are without merit. Mastro, J.P., Covello, Balkin and Austin, JJ., concur.