20-4184
*Royal v. National Football League Manag.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-one.

PRESENT:     RICHARD C. WESLEY,
             RICHARD J. SULLIVAN,
                  *Circuit Judges*,
             JOHN G. KOELTL,
                  *District Judge*.*

_____

Andre Royal,

        *Plaintiff-Appellant*,

     v.                                                      No. 20-4184

Retirement Board of the Bert Bell/Pete
Rozelle NFL Retirement Plan, Katherine

---

* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Blackburn, Richard Cass, Ted Phillips,
Samuel McCullum, Robert Smith, Jeffrey
Van Note,

*Defendants-Appellees.*[†]

_____

FOR APPELLANT:                    Robert Hilliard, Hilliard Munoz Gonzales
                                  LLP, Corpus Christi, TX, and John D.
                                  Nation, Dallas, TX.

FOR APPELLEES:                    Michael Lee Junk and Shaun Gates, Groom
                                  Law Group, Washington, DC.


Appeal from the United States District Court for the Southern District of New York
(Nathan, *J*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiff-Appellant Andre Royal, a former professional football player, developed seizures while playing football in the National Football League ("NFL"). Since 2001, he has received disability benefits under the Bert Bell/Pete Rozelle NFL Retirement Plan, after the plan administrator classified him as totally and permanently disabled. In May 2015, Royal unsuccessfully sought

---

[†] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

reclassification into a disability category that would have resulted in greater benefits. On June 1, 2019, Royal sued the Board of the Bert Bell/Pete Rozelle NFL Retirement Plan and several of the Board's members (collectively, "the Board"), claiming that (1) the Board violated section 102 of ERISA, 29 U.S.C. § 1022, by failing to provide a summary plan description ("SPD") that adequately explained the Board's interpretation of certain key terms relevant to reclassification; and (2) the Board breached its fiduciary duty in violation of section 404 of ERISA, 29 U.S.C. § 1104, by failing to disclose the SPD and plan terms in advance of Royal's original October 2000 application for disability benefits. The Board moved to dismiss Royal's complaint as time-barred. The district court (Nathan, *J.*) granted the Board's motion, and Royal now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo both the district court's application of the statute of limitations and the court's grant of a motion to dismiss, accepting the allegations in the complaint as true. *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637

3

F.3d 169, 173 (2d Cir. 2011) (statute of limitations); *Muto v. CBS Corp.*, 668 F.3d 53, 56 (2d Cir. 2012) (complaint's dismissal).

Royal argues on appeal that the district court improperly dismissed his claims as time-barred because the statute of limitations did not begin to run until 2016, when he finally received the SPD and plan documents, and that the applicable statute of limitations is six years because of the Board's fraudulent concealment of the plan documents. He also argues, for the first time on appeal, that he is entitled to equitable tolling of the statute of limitations based on his disability.[1] We disagree.

A defendant may raise the affirmative defense that a claim is barred by the statute of limitations in a motion to dismiss if that defense is apparent from the face of the complaint. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998); *see also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion

---

[1] Specifically, Royal argues that he suffered from a serious brain injury that ended his football career and thus lacked "the mental capacity to understand his rights under the Plan and discern a breach of those rights, within three years." Royal Br. at 27–28.

to dismiss."). Under section 413 of ERISA, a plaintiff must commence any action for breach of fiduciary duty within "the earlier of (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation," except that in cases of fraud or concealment, the plaintiff may commence an action within six years from the discovery of the breach.[2] 29 U.S.C. § 1113.

ERISA does not provide a limitations period for claims other than breach of fiduciary duty, and this Circuit has not decided what limitations period would apply to a claim based on the failure to provide an SPD under section 102. *See Osberg*, 862 F.3d at 206 n.5. The district court, looking to "the most nearly analogous state limitations statute," *Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Emp. Pension Ben. Plan*, 698 F.2d 593, 598 (2d Cir. 1983), held that New York's three-year limitations period for statutory violations applied – consistent

---

[2] "In this Circuit, 'fraud or concealment' is read disjunctively, such that the exception applies in cases of fraud *or* concealment." *Osberg v. Foot Locker, Inc.*, 862 F.3d 198, 209 (2d Cir. 2017) (citing *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 190 (2d Cir. 2001)).

with other district courts in this Circuit. App'x at 108–09. Royal, however, contends that the six-year limitations period for fraud or concealment in section 413 applied to both of his ERISA claims.

But whether the statute of limitations is six years or three years, Royal's claims are clearly time-barred. Ultimately, both of Royal's ERISA claims are premised on the Board's failure to provide him with an SPD prior to the submission of his original application for disability benefits in October 2000. For his section 102 claim, Royal alleges that he was "harmed by not having the[] [SPD's] definitions *at the time of his original application* because he did not know that he would be prevented from applying for a higher tier of benefits" at a later date. App'x at 38–40 (emphasis added). His section 404 claim similarly alleges that the Board breached its fiduciary duty by failing to provide the plan terms and SPD prior to the submission of Royal's original application for benefits.

We are unpersuaded by Royal's argument that the statute of limitations period did not begin to run until February 1, 2016, the date Royal received the plan documents and had "actual knowledge of the plan provisions." Royal Br. at 16. The "fraud or concealment" exception in section 413 "prescribes a separate statute of limitations of six years from the date of discovery" of the alleged breach or

violation. *Caputo*, 267 F.3d at 189; 29 U.S.C. § 1113. Royal contends that the Board's fraudulent concealment of the plan documents prevented him from discovering the alleged ERISA violations until February 2016. But he alleges no facts giving rise to a plausible inference that the Board fraudulently concealed its failure to provide the SPD at the time of his original application. To the contrary, Royal merely alleges that the Board promised to send the SPD and plan documents in 2000, but did not in fact send them until February 2016. It is difficult to understand how the Board could have concealed its failure to provide the SPD in 2000 from *Royal*, the intended recipient, who presumably would know whether and when he received the missing document. Indeed, Royal acknowledges that "he knew at the time he filed his original application that he did not have the SPD." Royal Br. at 22. It therefore strains credulity – and logic – to argue that he was unaware of the so-called fraud for the ensuing 16 years.

Because Royal's claims are plainly time-barred under either limitations period, we need not reach the question of whether a three- or six-year statute of limitations applies to his claims. Moreover, we decline to reach Royal's argument based on equitable tolling, which was raised for the first time on appeal. "[I]t is a well-established general rule that an appellate court will not consider an issue

7

raised for the first time on appeal." *Doe v. Trump Corp.*, 6 F.4th 400, 410 (2d Cir. 2021) (quoting *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005)). Although we may exercise our discretion to consider forfeited arguments, such as "where necessary to avoid a manifest injustice," *Allianz,* 416 F.3d at 114, Royal provides no reason to do so here, particularly since he offers no explanation for why he failed to raise this argument before the district court.[3]

We have considered Royal's remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Moreover, Royal's reliance on *Hooper v. Meloni*, 123 A.D.2d 511 (N.Y. App. Div. 1986), in which a state court held that the statute of limitations was tolled due to the plaintiff's insanity, is misplaced. Royal argues that he has been deemed disabled for purposes of employment, Royal Br. at 22, but he alleges no facts suggesting he (or his representative) resembles the plaintiff in *Hooper*, who had "submitted evidence demonstrating that his severe brain injury deprived him of an overall ability to function in society." 123 A.D. 2d at 511.